# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HENRY STURSBERG**, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **NO. 20-1635-KSM** |
| **MORRISON SUND, PLLC, et al.,** | |
| Defendants. | |

## MEMORANDUM

**Marston, J.**                                                                 **January 28, 2021**

      Plaintiff Henry Stursberg sued his former attorney and law firm, Defendants Matthew Burton, Esquire and Morrison Sund, PLLC, after Defendants filed an involuntary bankruptcy petition against Plaintiff to collect unpaid legal fees. (*See* Doc. No. 1.)[1] In his complaint, Stursberg asserted claims for abuse of process, wrongful use of civil proceedings, tortious interference with existing and prospective contractual relations, intentional infliction of emotional distress ("IIED"), breach of contract, and credit defamation. (*Id.*)

      Defendants then moved to dismiss on the grounds of insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), improper venue under Federal Rule of Civil Procedure 12(b)(3), and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 2.)

      On December 11, 2020, we granted Defendants' motion to dismiss. (Doc. Nos. 20–21.) We determined that Stursberg had not properly served Defendants (*see* Doc. No. 20) and

---

[1] Because we write only for the parties and set forth the relevant facts in our previous opinion (Doc. No. 36), we do not restate the facts here.

dismissed the complaint, without prejudice, under Rule 12(b)(5) (Doc. No. 21).  In addition, in our Memorandum, we concluded that Stursberg had not met his burden of establishing personal jurisdiction as to four of his six claims—tortious interference with existing and prospective contractual relations, IIED, breach of contract, and credit defamation.  (Doc. No. 20 at pp. 17–31.)  Finally, we found that venue was improper in the Eastern of District of Pennsylvania for the abuse of process and wrongful use of civil proceedings claims, since the underlying causes of action providing the bases for these two claims were filed in Minnesota bankruptcy court.  (*Id.* at pp. 31–37.)

On December 23, 2020, Stursberg filed a partial motion for reconsideration, which focuses solely on our holding that venue was improper in the Eastern District for the abuse of process and wrongful use of civil proceedings claims.  (Doc. No. 22.)  Stursberg argues that because we found that Morrison Sund was subject to this Court's personal jurisdiction for those two claims, Morrison Sund can be said to reside in this District and therefore venue is proper in the Eastern District.  (*Id.* at pp. 4–6.)  Additionally, Stursberg reiterates his argument that because the *Calder* effects test[2] was satisfied and personal jurisdiction exists over the abuse of process and wrongful use of civil proceedings claims, venue is automatically rendered proper in this District.  (*Id.* at pp. 7–9.)

Defendants argue that Stursberg's motion for reconsideration should be denied because

---

[2] As we explained in our December 11, 2020 Memorandum, the *Calder* effects test is a specific personal jurisdiction test for intentional torts.  (*See* Doc. No. 20 at pp. 15–17.)  Pursuant to the *Calder v. Jones* decision, a plaintiff may demonstrate that personal jurisdiction exists if he or she shows: "(1) the defendant committed an *intentional tort*; (2) *the plaintiff felt the brunt of the harm in the forum* such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) *the defendant expressly aimed his tortious conduct at the forum* such that the forum can be said to be the focal point of the tortious activity."  *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007) (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265–66 (3d Cir. 1998)) (emphasis added); *Remick v. Manfredy*, 238 F.3d 248, 258 (3d Cir. 2001).

this Court's Order dismissed the complaint for insufficient service of process, and service of process has not been effectuated yet. (Doc. No. 23 at p. 10.) Defendants also assert that Stursberg misstates the law and conflates personal jurisdiction and venue. (*Id.* at pp. 3–10.)

Stursberg untimely[3] filed a reply. (Doc. No. 24.)

For the reasons discussed below, we deny Stursberg's motion for reconsideration.

## I.     *Legal Standard*

"The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Out of consideration for finality and judicial economy," courts should grant motions for reconsideration "sparingly." *Hatcher v. SCM Grp. N. Am., Inc.*, 167 F. Supp. 3d 719, 728 (E.D. Pa. 2016) (citation omitted).

Before altering or amending a prior decision, the Third Circuit requires the moving party to show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion []; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Here, Plaintiffs proceed under the third prong—the need to correct a clear error of law or fact or to prevent manifest injustice. (*See* Doc. No. 22 at p. 4.)

"Because of the courts' interest in the finality of judgments, motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and decided by the Court." *PBI Performance Prods., Inc. v. NorFab*

---

[3] This Court's Policies and Procedures state, "Reply and sur-reply briefs may be filed without leave of Court. They must be filed and served within seven (7) days of service of the brief to which the reply or sur-reply responds unless the Court sets a different schedule."

*Corp.*, 514 F. Supp. 2d 732, 743–44 (E.D. Pa. 2007) (quotation marks and citation omitted); *see also Kennedy Indus., Inc. v. Aparo*, Civil Action No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006) (same); *Jarzyna v. Home Props., L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (explaining that motions for reconsideration "should not be grounded on a request that a court rethink a decision already made"). In other words, "motions for reconsideration may not be used to give a litigant a 'second bite of the apple.'" *PBI Performance Prods., Inc.*, 514 F. Supp. 2d at 744 (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)); *Jarzyna*, 185 F. Supp. 3d at 622; *see also PBI Performance Prods., Inc.*, 514 F. Supp. 2d at 744 ("A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or to correct mistakes it made in its previous one."). "Thus, a motion for reconsideration may address 'only factual and legal matters that the Court may have overlooked' and may not 'ask the Court to rethink what it had already thought through—rightly or wrongly.'" *Jarzyna*, 185 F. Supp. 3d at 622 (citations omitted).

  II. **Discussion**

    A. **December 11, 2020 Memorandum**

In our December 11, 2020 Memorandum, we concluded that this case should be dismissed under Rule 12(b)(5) for insufficient service of process. (Doc. No. 20 at pp. 9–13.) We explained that Federal Rule 4(e) permits service to be made according to the state law of the jurisdiction where the district court is located and, in turn, Pennsylvania Rule of Civil Procedure 403 allows a plaintiff to serve an out-of-state defendant through "any form of mail requiring a receipt signed by the defendant or his authorized agent." (*Id.* at p. 9.) Here, Stursberg sent the complaint to Morrison Sund and Burton by certified mail, but Defendants averred that Nicole Tessier—the receptionist who signed for the certified mail—was not authorized to accept service

4

on behalf of either Defendant. (*Id.* at p. 10.) Because the party asserting the validity of service bears the burden of proof, and Stursberg did not offer *any* proof to counter Defendants' affidavits, we concluded that Stursberg had not effected proper service under the Rules. (*Id.* at pp. 11–12.) Although we had the discretion to quash service and allow Plaintiff to attempt to re-serve, we declined to do so and dismissed the matter instead, in light of our analysis that personal jurisdiction was lacking over four of the six claims and venue was improper for the remaining two claims—abuse of process and wrongful use of civil proceedings. (*Id.* at pp. 12–13.)

In turn, we explained that 28 U.S.C. § 1391(b) governs venue because this is a diversity jurisdiction case. (*Id.* at p. 32.) Under § 1391(b), a plaintiff may bring a case in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

(*Id.* (citing 28 U.S.C. § 1391(b)(1)–(3)).) We noted that because both Defendants reside in Minnesota, "the only way venue is proper in the Eastern District of Pennsylvania is if § 1391(b)(2) applies (i.e., if a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District)." (*Id.*)

Then, to determine whether Stursberg's abuse of process and wrongful use of civil proceeding claims were properly venued, we considered where the legal action giving rise to Stursberg's claim arose. (*Id.* at pp. 33–34.) Guided by case law, we concluded that venue was improper in the Eastern District of Pennsylvania, since Stursberg's claims arose out of the involuntary bankruptcy petition initiated in Minnesota. (*Id.* at pp. 34–37.) *See, e.g.*, *Tucker v. Interscope Recs.*, No. 98-4288, 1999 WL 80363, at *1–2 (E.D. Pa. Feb. 17, 1999) (concluding that venue was improper in the Eastern District of Pennsylvania where the plaintiff's malicious

prosecution and abuse of process claims arose out of two lawsuits that had been filed against one of the plaintiffs in the Central District of California); *Farkas v. Rich Coast Corp.*, Civil Action No. 2:13-cv-00926-LPL, 2014 WL 550594, at *23 (W.D. Pa. Feb. 11, 2014) (holding that venue was improper and reasoning that "a substantial portion of the events giving rise to [the] abuse of process claim occurred in Mifflin County, as that is where the Replevin action [that provided the basis for the abuse of process claim] was brought"); *accord*. *Cmty. Surgical Supply of Toms River, Inc. v. Medline DiaMed, LLC*, Civil Action No. 11-00221 (GEB)(TJB), 2011 WL 3235706, at *3–4 (D.N.J. July 28, 2011) ("Neither party submitted, nor has this Court found, authority in this District regarding claims for malicious use of process filed in a different venue from where the claim has been filed[.]").

In so holding, we rejected several of Stursberg's arguments, including his argument that venue is proper in this case because the involuntary bankruptcy petition should have been filed in Pennsylvania and he could have moved to transfer the matter to the correct venue (Pennsylvania) instead of moving for dismissal. (*Id.* at p. 35.) We also disagreed with Stursberg's position that where the effects test is satisfied, venue is proper, noting that he only cited to one case in this District that supported his assertion and that case was distinguishable. (*Id.* at p. 37 n.13).

    **B.**    **Motion to Reconsider**

Setting aside Stursberg's questionable tack of filing a motion for reconsideration as to *venue* when our Order explicitly dismissed the complaint without prejudice for *insufficient service of process* (*see* Doc. No. 21), we are unpersuaded by his arguments.

First, Stursberg asserts that because we found that Morrison Sund was subject to this Court's personal jurisdiction for the abuse of process and wrongful use of civil proceedings

6

claims, Morrison Sund can be said to reside in this District under 28 U.S.C. § 1391(d)[4] and thus venue is automatically rendered proper in this District under 28 U.S.C. § 1391(b)(1). (Doc. No. 22 at pp. 4–7.)

Section 1391(b)(1) provides that a civil action may be brought in a judicial district in which any defendant resides, if all defendants of the State are residents of the State in which the district is located. 28 U.S.C. § 1391(b)(1). Then, § 1391(d) states:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]

28 U.S.C. § 1391(d).

To begin with, we observe that this is the very first time Stursberg argues that venue is proper under § 1391(b)(1). (*See generally* Doc. Nos. 6, 16.) Not once in his response or sur-reply to Defendants' motion to dismiss did Stursberg ever assert that venue is proper in the Eastern District because Morrison Sund *resides* here. (*See id.*) Rather, Stursberg's entire argument rested on § 1391(b)(2)—that a substantial part of the events or omission giving rise to the claim occurred in this District. (*See, e.g.*, Doc. No. 6 at p. 15 (citing § 1391(b)(2)).) For this reason alone, we must reject Stursberg's argument. *See United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) ("In order to show clear error or manifest injustice, the [moving party] must base its motion on arguments that were *previously raised* but were overlooked by the Court." (emphasis added)); *Digneo v. City of Philadelphia*, Civil No. 07-2372, 2008 WL 11515930, at *1 n.1 (E.D. Pa. June 13, 2008) ("[A] Motion for Reconsideration cannot be

---

[4] Although Stursberg cites to 28 U.S.C. § 1391(c) in his motion, we believe he means 28 U.S.C. § 1391(d). When the statute was amended, 28 U.S.C. § 1391(c) became 28 U.S.C. § 1391(d). Therefore, we refer to 28 U.S.C. § 1391(d) here.

7

granted based on . . . newly raised arguments that could have previously been asserted"); *PBI Performance Prods., Inc.*, 514 F. Supp. 2d at 744 ("A litigant . . . may not use a motion for reconsideration either to attempt a new approach or to correct mistakes it made in its previous one.  A motion for reconsideration should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." (quotation marks and citation omitted)).

But, even taking into account the merits of his argument, Stursberg plainly misreads the statutory text.  Stursberg asserts his wrongful use of civil proceedings and abuse of process claims against *both* Defendants—Morrison Sund *and* Matthew Burton.  (*See generally* Doc. No. 1.)  And § 1391(b)(1) is clear—venue is proper in a district in which any defendant resides, *only if all defendants are residents of the State in which the district is located*.  Because Burton is a resident of Minnesota—not Pennsylvania—Stursberg's contention that venue is proper in this District under § 1391(b)(1) is unavailing.

In his reply, Stursberg appears to argue that Morrison Sund is, in fact, the *only* defendant, but even if it is not, this Court could (and should) exercise its discretion to dismiss Burton as a defendant.  (Doc. No. 24 at pp. 1–2.)  Stursberg's counsel writes,

> This Court has <u>dismissed</u> the Complaint without prejudice.  Thus, when Stursberg seeks reconsideration under § 1391(b)(1) only against the law firm because personal jurisdiction has been found to exist against it, <u>there are no other defendants</u>.  Indeed, even if there were other defendants, this Court would have discretion to dismiss the case against the defendant [] whom venue is improper (Burton) and allow the case to proceed solely against the law firm.

(*Id.*)

Plaintiff cannot have his cake and eat it, too.  Stursberg cannot blatantly ignore that we have dismissed the case for insufficient *service* of process as to *both* defendants and then file a motion for reconsideration arguing that his case be reinstated against *a singular* defendant

8

because *venue* is proper, while also arguing that because the complaint has been dismissed for insufficient service of process, there are *no other defendants* (i.e., Burton) in this case. The conclusion Plaintiff asks us to reach defies logic.

At bottom, a motion to reconsider asks the court to change a prior ruling, either based on the facts that we had before us at the time and overlooked or based on newly acquired evidence. Crucially, Stursberg could never have initially argued that venue is proper under § 1391(b)(1) because he sued two defendants in this case at its inception, one of whom is an individual and exclusively a citizen of Minnesota, and one of which is a corporation. Moreover, none of the relevant facts have changed. All the evidence that was before us—and remains before us—indicates that Stursberg brought the claims against both Morrison Sund and Burton. This is the very first time Stursberg alludes otherwise and/or requests that we drop Burton as a defendant. We will not do so. *See Jasin*, 292 F. Supp. 2d at 676 (emphasizing how "the [moving party] must base its motion on arguments that were *previously raised* but were overlooked by the Court"); *Digneo*, 2008 WL 11515930, at *1 n.1; *PBI Performance Prods., Inc.*, 514 F. Supp. 2d at 744.

The remainder of Stursberg's motion largely reiterates the same argument he first set forth in his response to Defendants' motion to dismiss—because the *Calder* effects test is satisfied, venue is automatically proper in this District and no further analysis is needed. (*Compare* Doc. No. 22-1 at pp. 7–9, *with* Doc. No. 6 at p. 16.) Stursberg's reliance on this argument is misplaced for two reasons. First, he seeks to re-litigate the very same argument he previously made—this runs directly counter to the motion for reconsideration standard to which this Court is beholden. *See, e.g.*, *PBI Performance Prods., Inc.*, 514 F. Supp. 2d at 743–44 ("[M]otions for reconsideration . . . may not be used to rehash arguments which have already

been briefed by the parties and decided by the Court."); *Jarzyna*, 185 F. Supp. 3d at 622 (motions for reconsideration "should not be grounded on a request that a court rethink a decision already made. . . . and may not 'ask the Court to rethink what it had already thought through—rightly or wrongly.'" (quotation marks omitted)).  Second, Stursberg cannot argue that this Court has made a clear error of law when he fails to cite to any binding precedent in support of his argument.  (*See* Doc. No. 22-1 at pp. 7–9.)  And even Stursberg admits that "research has found no cases like this."  (*Id.* at p. 9 n.5.)

Finally, we address Stursberg's contention that we must change course to prevent manifest injustice.  (*See id.* at p. 9 ("To force Stursberg to seek a remedy in Minnesota under such circumstances renders the basis for obtaining personal jurisdiction over Burton illusory and is unjust under these circumstances.").)  We note that although "[t]here is a dearth of case law within the Third Circuit discussing the standard to be applied when dealing with manifest injustice" (i.e., the standard for what constitutes a manifest injustice), it is "clear that the standard is a high one."  *Conway v. A.I. DuPont Hosp. for Child.*, Civil Action No. 04-4862, 2009 WL 1492178, at *6–7 (E.D. May 26, 2009) (citations omitted).  Again, given the allegations in the complaint, we understand Stursberg's frustration, but Stursberg has failed to fulfill the high burden and has not shown that our ruling constitutes manifest injustice.

### III.   *Conclusion*

For the foregoing reasons, we deny Stursberg's motion for reconsideration.

An appropriate order follows.